THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PIERPONT MORGAN LIBRARY, Relator, v. WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, etc., Respondents.

Supreme Court, Special Term, New York County, July 7, 1941.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Montgomery B. Angell* and *George W. Palmer* of counsel], for the relator.

*William C. Chanler, Corporation Counsel* [*D. Spencer Byard* of counsel], for the respondents.

McLAUGHLIN, J. This is a certiorari tax proceeding to review the action of the respondents in holding that The Pierpont Morgan Library at Thirty-sixth street and Madison avenue is not exempt from real estate taxes. The tax year before the court is 1936. The facts are stipulated.

On February 15, 1924, John Pierpont Morgan established a trust, the purpose of which was to found and maintain a public library. Real estate and collections of rare books, early manuscripts and other ancient works were made the subject-matter of the trust.

The trustees named accepted the trust. Under a special act of the New York State Legislature (Laws of 1924, chap. 83), a public library was incorporated, which was to be one of reference only, open to all persons, subject only to suitable rules and regulations.

From that date until the tax year 1935 the property was exempted from taxation. The respondents present the issue for determination by the court as follows: " The issue, therefore, is whether a library organized as relator's was and operated under by-laws and rules for admission such as the relator's and used in the very limited degree that relator's was, is such a library as would come within the exemption provided by the Tax Law."

We start with the premise that it is the theory of our law that all property is taxable save only in the cases where the use of property is designed to minimize our governmental expenses. (*People ex rel. Medical Society* v. *Neff*, 34 App. Div. 83.) That statement of the law must be considered in conjunction with subdivision 6 of section 4 of the Tax Law, which states that where real property is used exclusively for educational or library purposes, it is exempt. The creation of this library and the administration set up to carry out its purposes are found in the statute itself (Laws of 1924, chap. 83), so that we have what the Legislature denominated a public library, but which the respondents claim is not one because it is not carrying out the purposes which a public library should and, therefore, is not entitled to exemption.

The relator claims that it fulfills all the conditions necessary for exemption. It asserts that it is organized exclusively for both library and educational purposes, and it is engaged solely in carrying out such purposes. Moreover, it is non-profit so far as its officers, members and employees are concerned, except reasonable compensation is given for actual services. The respondents apparently do not contradict these assertions, but seek to defeat the exemption they granted before the taxable year 1935 upon the grounds set forth on page 2 of their brief, as hereinbefore quoted.

Specifically, the respondents argue that the exemption should not be granted because the clear intention of the Legislature was to give exemption only to libraries " to which the public in general has access." Their objection is, therefore, in part that this is not a public library. The answer to that is that the Legislature has declared it one. The remainder of the objection is that ready access by the public is not given by the library officials either in the rules or their operation. The court cannot perceive any such denial of access as would deprive a single member of the public access if he asked for it. There are stringent rules as to the use of the rare exhibits, and that there should be, nobody can reasonably

dispute. It would seem that the Legislature knew the kind of exhibits that would be in this library, and, therefore, gave the power in the act of incorporation to have such rules promulgated.

The respondents assert that this library is neither a library nor an educational institution entitled to exemption, because its use does not so entitle it. It might be stated that it is not necessary to consider the educational purpose, for all that is necessary is that it be a public library. It remains clear, however, that there is a public library use. Criticism as to the method of incorporation lacks merit. The Legislature incorporated this library. That there are other methods of incorporating which are deemed more proper by the respondents cannot change the fact that such an incorporation by the Legislature destroys their contention. The exemption is not affected by the method of incorporation. The argument is made that the necessary supervision is lacking. Certainly, the State Education Department has the supervision. (Education Law, § 1126.)

Here is a situation where the Legislature has incorporated a public library. The Legislature also gave the directors of the corporation power to make rules and regulations for the use of this library as a reference library. The Legislature knew the character of the works collected by the corporation's predecessor. The court does not consider that the rules are so arbitrary as to permit the respondents to thwart the Legislature's action by holding that this is not a public library. On the contrary, considering the purpose of the rules and what they are aimed to protect, they must be deemed reasonable. If there is any dissatisfaction that is justified with respect to the use of the library, there are remedies prescribed by law for a correction. The court does not find on this record that the objections as to the use are justified, and it does not believe that respondents should supplant their opinion for that of the Legislature in classifying this library as a public one.

The most serious contention made by the respondents is the claim that, while the relator's charter creates a public library, it does not use its property for public purposes. The charge is made that admission is limited to accredited persons who have made application in writing. As the court reads the stipulated facts, the library is divided into two working parts. The rules are designed to protect the valuable documents and other works so that they will not be handled by any but those who will not injure them. Nobody is denied admission. The library has a place in our public institutions. The public is not barred. There is no discrimination. It has an educational value as a library not existing elsewhere in this city. It is not made less public by its rules

for they appear to be necessary if the collection is to be preserved for the public which will succeed the present generation. The mere fact that the number of persons using the facilities of this library is not as great as in the case of other public libraries and institutions does not alter the fact that this library is available to the public generally and affords the use, under necessary and reasonable safeguards, of a rare and valuable collection. Certainly, no instance is shown where any member of the public has been discriminated against or refused the use of the library's facilities.

The court finds that the relator has established that it is entitled to exemption as a public library, duly created as such by the Legislature of the State of New York and that it is operated by the relator as a public library.

Settle final order. Costs to relator.